UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICON GROUP, INC., et al.

    Plaintiffs,

v.

                                      Case No. 14-cv-10785
                                      Hon. Matthew F. Leitman

MARCO CONTRACTORS, INC., et al.

    Defendants.

And

MARCO CONTRACTORS, INC.,

    Third-Party Plaintiff,

v.

GMRI, INC.

    Third-Party Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT AND COMPEL ARBITRATION (ECF #44)

GMRI, Inc. ("GMRI") owns and operates Red Lobster restaurants. In 2013, GMRI hired Marco Contractors, Inc. ("Marco") to serve as general contractor on renovation work to be performed on two Red Lobsters in Michigan. Marco then entered into subcontracts with Americon Group, Inc. ("Americon"), Garr Electric Co., Inc. ("Garr"), and Detroit Spectrum Painters, Inc. ("Spectrum") to perform some of the work. In this action, Americon, Garr, and Spectrum (collectively, "Plaintiffs")

allege that Marco failed to pay amounts owing under their subcontracts. (*See* the "Second Amended Complaint," ECF #30.) Marco has filed a "Third-Party Complaint" against GMRI in which Marco alleges that GMRI breached the general contract. (*See* the "Third-Party Complaint," ECF #36.) GMRI has now moved to (1) dismiss the Third-Party Complaint and (2) compel Marco to arbitrate its dispute with GMRI in Florida. (*See* the "Motion," ECF #44.) For the reasons discussed below, the Court **GRANTS** GMRI's request to dismiss the Third-Party Complaint and **DENIES** GMRI's request to compel arbitration in Florida.

### THE PARTIES' FACTUAL ALLEGATIONS AND THE PROCEDURAL HISTORY OF THIS ACTION

GMRI, a Florida corporation with its principal place of business in Florida, owns and operates Red Lobster restaurants throughout the United States. (*See* Mot. at 1, Pg. ID 786.) On or about June 5, 2013, GMRI entered into agreements with Marco, a general contractor based in Pennsylvania, to remodel Red Lobster restaurants located at 101 W. 12 Mile Road, Madison Heights, Michigan and at 5774 N. Wayne Road, Westland, Michigan (the "Restaurants"). (*See* the "General Contracts," ECF ##29-2 and 29-3.)

The General Contracts contained the following arbitration provision:

> [GMRI] and [Marco] shall settle by arbitration any controversy or claim, including any claim of misrepresentation, arising out of or related to this Contract or the Contract Documents, or to any agreement or contract entered into between [GMRI] and [Marco], or any equipment or service [Marco] furnishes to [GMRI].

2

(The "Arbitration Clause," General Contracts at ¶12.1.)  The General Contracts further provided that "[t]he arbitration shall be held and the award shall be deemed to be made in Orlando, Florida unless [GMRI] requests another hearing locale."  (The "Forum Selection Clause," *id.* at ¶12.1.)  In addition, GMRI and Marco agreed that the General Contracts would be "construed, interpreted and enforced in accordance with the Laws of the State of Florida…."  (*Id.* at ¶9.1.)

One week after executing the General Contracts, Marco entered into subcontracts with Plaintiffs to perform work on the Restaurants.  (*See* the "Subcontracts," ECF ##30-2, 30-3, 30-4, 30-15, and 30-16.)  The Subcontracts established a schedule for Marco to make payments to the Plaintiffs.  (*See id.* at ¶5.)  However, each Subcontract provided that

> [t]his payment schedule shall be expressly conditioned upon [Marco] first receiving payments from [GMRI], with the release to [Plaintiff] of [Plaintiff's] proportional share within seven to ten (7-10) working days of receipt of payment from [GMRI]….  [Plaintiff] expressly acknowledges, understands and agrees that [Marco] shall have no obligation whatsoever to pay [Plaintiff] for any work performed under this Subcontract until and unless [Marco] has been paid by [GMRI], which payment shall be a condition precedent to any obligations of [Marco] to pay for any work hereunder….

(*Id.*)

3

On February 20, 2014, Plaintiffs filed the instant action against Marco.[1] In their Second Amended Complaint, Plaintiffs alleged that Marco breached the Subcontracts by failing to pay Plaintiffs in full for work they performed on the Restaurants. (*See* Sec. Am. Compl.)

Marco then filed the Third-Party Complaint against GMRI.[2] Marco alleges that GMRI breached the General Contracts by refusing to pay Marco for the work it completed on the Restaurants. (*See* Third-Party Compl. at ¶¶14-15.) Marco also brings claims against GMRI for unjust enrichment and injunctive relief. (*Id.* at 16-27.)

GMRI has now moved to dismiss the Third-Party Complaint on the ground that the claims are subject to mandatory arbitration under the Arbitration Clause. (*See* Mot. at ¶8.) In addition, GMRI asks this Court to enter an order compelling Marco to arbitrate its dispute with GMRI in Florida, under Florida law. (*See id.*) Marco opposes GMRI's requested relief on the grounds that (1) the Arbitration Clause is unenforceable, and (2) GMRI is a necessary and indispensable party to Plaintiffs' underlying action against Marco pursuant to Fed. R. Civ. P. 19(b). (*See* the "Response Brief," ECF #49.)

---

[1] Plaintiffs also named Old Republic Insurance Company as a defendant in the action.

[2] Marco also named Golden Gate Capital Management, Inc. ("GCCM") as a third-party defendant. Marco voluntarily dismissed GCCM from the action on October 17, 2014. (*See* ECF #43.)

The Court heard oral argument on GMRI's Motion on January 27, 2015. For the reasons discussed below, the Court **GRANTS** GMRI's request to dismiss the Third-Party Complaint and **DENIES** GMRI's request to compel arbitration.

## ANALYSIS

Under the Federal Arbitration Act ("FAA"), a party's agreement "to settle by arbitration a controversy thereafter arising … shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The threshold question under the FAA is "whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of the agreement." *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 561 (6th Cir. 2008). The FAA "[m]anifest[s] a 'liberal federal policy favoring arbitration agreements.'" *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985)). Accordingly, any doubts regarding the enforceability of an arbitration clause "should be resolved in favor of arbitration." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 (1983)).

In this case, the Court has little difficulty concluding that Marco and GMRI entered into a valid agreement to arbitrate disputes, such as this one, arising out of the General Contracts. Indeed, Marco unequivocally agreed to "settle by arbitration any controversy or claim" against GMRI "arising out of or related to" the General Contracts. Moreover, the instant dispute – relating to GMRI's alleged failure to pay

5

Marco for work it completed on the Restaurants pursuant to the General Contracts – clearly falls within the ambit of the Arbitration Clause. Having made an enforceable agreement to arbitrate such disputes, Marco cannot now litigate its claim against GMRI in federal court. *See, e.g.*, *Nestle Waters North Am., Inc. v. Bollman*, 505 F.3d 498 (6th Cir. 2007) (affirming dismissal of plaintiff's claims because disputes fell within scope of binding arbitration agreement).[3]

Marco counters that the Arbitration Clause is unenforceable because it is unconscionable. But Marco has not shown a difference in the parties' bargaining power; nor has Marco even attempted to argue that there is anything unreasonable about having to arbitrate, rather than litigate, its dispute with GMRI.[4] Marco is a

---

[3] The Court would reach the same conclusion under either Michigan or Florida law if either legal regime applied here. Indeed, under both Michigan and Florida law provide, a party's agreement to arbitrate a controversy is valid and enforceable. *See* Fla. Stat. § 682.02(1); M.C.L. § 691.1686(1). Further, both States construe arbitration agreements liberally in favor of arbitration. *See, e.g.*, *Kolsky v. Jackson Square, LLC*, 28 So.3d 965, 969 (Fla. Ct. App. 2010) (doubts concerning arbitration clauses should be resolved in favor of arbitration); *In re Nestorovski Estate*, 769 N.W.2d 720, 735-36 (Mich. Ct. App. 2009). Where, as here, the result would be the same under any of the potentially-applicable legal regimes, the Court need not conduct a choice-of-law analysis. *See, e.g.*, *Cinetic Dyag Corp. v. Forte Automation Sys., Inc.*, No. 08-11790, 2008 WL 4858005, at *3 (E.D. Mich. Nov. 6, 2008) (where potentially-applicable laws are "substantially the same … choice of law analysis is unnecessary").

[4] Moreover, the Court notes that Marco initially attempted to enforce a similar provision in the Subcontracts in which the Plaintiffs agreed to arbitrate disputes with Marco in Pennsylvania. (*See* ECF #17.) Marco apparently found nothing unconscionable about attempting to enforce that arbitration agreement.

sophisticated national company[5] that could have (1) negotiated with GMRI to remove the Arbitration Clause from the General Contracts or (2) simply declined to enter into the General Contracts if GMRI refused to delete the clause. Under these circumstances, neither the General Contracts nor the Arbitration Clause are unconscionable. *See Whirlpool Corp. v. Grigoleit Co.*, 713 F.3d 316, 321 (6th Cir. 2013) (to establish unconscionability, party challenging contract must show *both* that it had no meaningful choice when it signed the contract *and* that the challenged provision is substantively unreasonable).

Marco next urges the Court not to enforce the Arbitration Clause because the Forum Selection Clause designates Florida, rather Michigan, as the forum for the arbitration. This argument misses the mark. The designation of the forum is separate from the parties' agreement to arbitrate. Indeed, even if Marco is correct that the Forum Selection Clause is unenforceable (as explained further below, this Court expresses no opinion on that matter), that would not free Marco from its obligation to arbitrate its disputes with GMRI; it would mean only that the agreed-upon arbitration could occur in a forum other than Florida. Marco has not cited any authority holding that an agreement to arbitrate is void if accompanied by a forum selection clause that is not enforceable.

---

[5] GMRI notes that Marco's website states that Marco has been in business for "more than 30 years" and that it holds "contractor's licenses in all 50 states." (*See* Mot. at 1, Pg. ID 786.) Marco has not denied these statements.

7

Marco next argues that its Third-Party Complaint should not be dismissed because GMRI is an indispensable party to this action pursuant to Rule 19(b) of the Federal Rules of Civil Procedure. In Marco's view, GMRI's participation is needed in order to "properly and fully adjudicate the Plaintiff's [sic] claims, as they are not entitled to be paid unless and until GMRI pays Marco." (Resp. Br. at 3-4, Pg. ID 838-39.) Marco's Rule 19(b) argument is misplaced. "Rule 19 does not provide or support the introduction of a third-party defendant into a lawsuit. Rather, Rule 19 provides that the court may, under proper circumstances, require the joinder of a non-party as a plaintiff, defendant or involuntary plaintiff. It does not empower the court to order joinder of a third-party defendant…." *United States ex rel. v. Allstate Ins. Co.*, 265 F.R.D. 266, 270 (E.D. La. 2010) (citing *Brooks v. Hickman*, 101 F.R.D. 16, 18 (W.D. Pa. 1984)).

Moreover, and in any event, Marco applies Rule 19(b) incorrectly. Rule 19(b) governs "whether a case should proceed in the *absence* of a particular party." *Ramco-Gershenson Properties, L.P. v. Hoover Annex Group LLC*, 228 F.R.D. 610, 614 (E.D. Mich. 2005) (emphasis added). In this case, Marco attempts to use Rule 19(b) as a mechanism for *including* GMRI in this action. But Rule 19(b) does not serve that purpose.

Marco's Third-Party Complaint suffers from another fatal flaw: it is not a "third-party complaint" at all. Fed. R. Civ. P. 14(a)(1) provides that a defendant may file a third-party complaint against "a nonparty who is or may be liable to it for all or

8

part of the claim against it." The United States Court of Appeals for the Sixth Circuit has explained that "[t]hird-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim…." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). *See also Watergate Landmark Condo. Unit Owners' Assoc. v. Wiss, Janey, Elstner Assoc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987) ("[i]t is settled beyond dispute that a third party claim can be maintained only if the liability it asserts is in some way derivative of the main claim"). Marco has not shown that its claims against GMRI are necessarily derivative of Plaintiffs' claims against Marco. Indeed, Marco has asserted independent claims for relief against GMRI. Accordingly, Marco's Third-Party Complaint against GMRI fails because it does not rely on a secondary or derivative theory of liability.

    For all of these reasons, the Court will grant GMRI's request to dismiss the Third-Party Complaint. However, the Court will not grant GMRI's request for an order compelling Marco to arbitrate its dispute with GMRI in Florida, under Florida law. "Where the parties have agreed to arbitrate in a particular forum, only a district court in that forum has jurisdiction to compel arbitration." *Milan Express Co., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, --- Fed. App'x ---, 2014 WL 5394455, at \*5 (6th Cir. Oct. 23, 2014) (citing *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1018 (6th Cir. 2003)). This Court therefore lacks jurisdiction to enter an order compelling arbitration in Florida. If this matter proceeds

9

to arbitration, the arbitrator will rule upon the enforceability of the Forum Selection Clause and will determine which law governs Marco's claims against GMRI.

## CONCLUSION

For all of the reasons stated in this Opinion and Order, **IT IS HEREBY ORDERED** that GMRI's Motion (ECF #44) is **GRANTED IN PART** and **DENIED IN PART**. Marco's Third-Party Complaint (ECF #36) is **DISMISSED WITH PREJUDICE**.[6] GMRI's request for an order compelling Marco to arbitrate in Florida and under Florida law is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 4, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 4, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

---

[6] This dismissal operates as a bar to Marco litigating (as opposed to arbitrating) its claims against GMRI. It is not an adjudication on the merits of Marco's claims against GMRI. The Court expresses no opinion on the merits of those claims and does not intend to preclude Marco from asserting those claims in arbitration.