UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICON GROUP, INC., *et al.*,

    Plaintiffs,

v.

MARCO CONTRACTORS, INC., *et al.*,

    Defendants.

Case No. 14-cv-10785
Hon. Matthew F. Leitman

_____/

# ORDER DENYING DEFENDANTS' MOTION TO DISMISS CLAIMS OF PLAINTIFF GARR ELECTIC (ECF #96)

Defendant Marco Contractors, Inc. ("Marco") is a general contractor. In 2013, Marco entered into a Construction Agreement with GMRI, Inc. ("GMRI"). The Construction Agreement called for Marco to perform certain construction work on two Red Lobster restaurants owned by GMRI in Michigan (the "Work"). (*See* Third-Party Compl. at ¶9, ECF #34 at Pg. ID 743.) Marco entered into subcontracts with Plaintiffs Americon Group, Inc. ("Americon"), Garr Electric, Inc. ("Garr"), and Detroit Spectrum Painters, Inc. ("Spectrum"). (*See* Sec. Am. Compl. at ¶¶ 9-13, ECF #30 at Pg. ID 578-80.) Under the subcontracts, each of the Plaintiffs agreed to perform a portion of the Work. (*See id.*) After Marco and Plaintiffs began performing the Work, GMRI dismissed Marco from the Red Lobster projects,

1

replaced Marco with another general contractor, and refused to fully pay Marco for the portion of the Work that had been completed. (*See* Third-Party Compl. at ¶¶ 13-15, ECF #34 at Pg. ID 744.) Marco then declined to pay Plaintiffs under the subcontracts. (*See* Sec. Am. Compl. at ¶19, ECF #30 at Pg. ID 581.)

In 2014, Plaintiffs brought this action against Marco and Old Republic Insurance Company. Plaintiffs allege, among other things, that Marco breached the subcontracts by failing to pay them for the portion of the Work they performed. Americon seeks $127,740.00 in damages (*see id.* at Pg. ID 591), Garr seeks $33,365.83 in damages (*see id.* at Pg. ID 592), and Spectrum (which has been dismissed pursuant to a stipulation) sought $67,850.00 in damages. (*See id.*) Marco now moves to dismiss Garr's claims for lack of subject matter jurisdiction. (*See* ECF #96.) The motion is **DENIED**.

As Marco acknowledges, this Court has subject matter jurisdiction over the claims by Americon pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Americon and Marco and because Americon seeks more than $75,000 in damages. However, Garr's claim does not reach the $75,000 threshold for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The question presented by Marco's motion is whether the Court has supplemental jurisdiction over Garr's claims pursuant to 28 U.S.C. § 1367(a) ("Section 1367(a)"). It does.

In relevant part, Section 1367(a) provides that a district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a) "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative facts,'" *Blakely v. U.S.*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996)), or when they "revolve around a central fact pattern." *White v. County of Newberry*, 985 F.2d 168, 172 (4th Cir. 1993).[1] "'A loose factual connection between claims is sufficient.'" *Askew v. Metropolitan Property and Casualty Ins. Co.*, 217 F.Supp.3d 982, 985 (E.D. Mich. 2016) (quoting *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995)).[2]

Marco's own submissions to the Court establish that there is a meaningful factual connection between Americon's claims (over which the Court admittedly has original jurisdiction) and Garr's claims. Indeed, Marco has taken the position that the two sets of claims arose from a single act/omission: GMRI's wrongful failure to

---

[1] The Sixth Circuit cited *White* with approval in *Blakely*. *See Blakely*, 276 F.3d at 861.

[2] *See also Blakely*, 276 F.3d at 862 (citing with approval a Seventh Circuit decision holding that only loose factual connection is necessary to satisfy Section 1367(a)); 13D Charles A. Wright and Arthur R. Miller, et al., *Fed. Prac. & Proc. Juris.* § 3567.1 (3d ed. 2008) ("In practice, § 1367(a) requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection.").

pay Marco for successful completion of the Work. Marco took this position in the Third-Party Complaint it filed against GMRI (ECF #34) and in its memorandum in support of its motion seeking permission to file that pleading (ECF #29). In the Third-Party Complaint, Marco alleged that it and its subcontractors (including Americon and Garr) "completed" and "fully performed" the "Work" and that GMRI then wrongfully "refused" to pay for the Work. (Third-Party Compl. at ¶¶ 14, 17, ECF #34 at Pg. ID 744.) And in the memorandum in support of its motion for leave to file the Third-Party Complaint, Marco explained that the "*sole reason* for [its] failure to compensate" Americon and Garr was GMRI's "willful failure to compensate Marco" for the Work. (ECF #29 at Pg. ID 418; emphasis added). These statements by Marco demonstrate Marco's view that the claims for non-payment by Americon and Garr revolve (at least in large part) around the same factual predicate – GMRI's wrongful failure to pay Marco for the Work.[3]

And there are other important factual connections between the two claims. Garr and Americon worked on the same construction project at the same Red Lobster. The subcontracts between Marco and Americon, on one hand, and Marco

---

[3] As the Court has previously indicated, if the Court concludes that Marco violated the terms of the Court's Order dated March 12, 2015 (ECF #59), the Court may preclude Marco from relying upon the "pay-when-paid" provisions of its subcontracts with Americon and Garr as defenses to the claims by those two Plaintiffs.

4

and Garr, on the other hand, are nearly identical in form. Finally, Americon and Garr worked on the Red Lobster project at around the same time and both took direction from Marco. Under all of these circumstances (and in light of Marco's own assertions described above), there is a sufficient factual connection between Americon's claims and Garr's claims such that the Court has supplemental jurisdiction over Garr's claims.

Marco counters that Garr's claims cannot form part of the same case or controversy as Americon's claims because the two sets of claims arise out of "separate contract[s] with Marco, and those contracts form the basis of" the respective claims. (Mot. to Dismiss, ECF #80 at Pg. ID 1251.) But claims may form part of the same case or controversy even where they arise out of separate contracts involving different parties. *See, e.g., Tuttobene v. The Assurance Group, Inc.*, 2012 WL 2871848, at ** 5-6 (M.D. Tenn. July 12, 2012) (holding that breach of contract claims by different independent contractors against same defendant formed part of the same case or controversy even though each independent contractor had separate contract with defendant); *Doran v. Bondy*, 2005 WL 1907252, at *11 (W.D Mich. Feb. 18, 2005) (holding that claims by different plaintiffs against same defendant formed part of same case or controversy even though each plaintiff had separate contract with defendant); *Askew,* 217 F.Supp.3d at 985 (holding that single plaintiff's claims against different insurance carriers under different policies for

5

different types of coverage formed part of same case or controversy where claims arose from same accident). For the reasons explained above, the claims by Americon and Garr form part of the same case or controversy even though the claims are brought under separate contracts.[4]

Because the claims by Americon and Garr form part of the same case or controversy, the Court may exercise supplemental jurisdiction over Garr's claims even though Garr seeks less than $75,000 in damages. *See Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 558-59 (2005). The Court chooses to exercise jurisdiction over and to adjudicate Garr's claims in this action because doing so will best serve judicial economy, convenience, and fairness. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (identifying the factors that a district court should consider in determining whether to hear claims falling within its supplemental jurisdiction). Many of the witnesses will be the same. Much of the testimony will overlap. And the two sets of claims share the same overall subject

---

[4] More recent filings by Marco suggest that Marco may attempt to excuse its failure to pay Americon and Garr on the ground that those entities failed to satisfactorily perform their portions of the Work. But that change in defense by Marco cannot erase Marco's earlier contention that the claims by Americon and Garr arise out of the same act/omission – GMRI's refusal to pay. Moreover, the Court is independently persuaded that Marco's failure to pay Americon and Garr did initially arise, at least in part, out GMRI's refusal to pay Marco and that GMRI's conduct provides an important common link between the claims of Americon and Garr.

matter. Accordingly, the Court exercises its discretion to hear Garr's claims in this action.

Marco's motion to dismiss Garr's claims is **DENIED**.

**IT IS SO ORDERED.**

                                                      s/Matthew F. Leitman
                                                      MATTHEW F. LEITMAN
                                                      UNITED STATES DISTRICT JUDGE

Dated: July 9, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 9, 2018, by electronic means and/or ordinary mail.

                                                       s/Holly A. Monda
                                                       Case Manager
                                                       (810) 341-9764