UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICON GROUP, INC.
GARR ELECTRIC CO., INC., and
DETROIT SPECTRUM PAINTERS, INC.

    Plaintiffs,

v                                 Case No. 2:14-cv-10785-DML-LJM
                                 Hon. Matthew F. Leitman

MARCO CONTRACTORS, INC., a
OLD REPUBLIC INSURANCE COMPANY,

    Defendants.

_____/

## RESPONSE TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENTS AND FOR SANCTIONS

NOW COME Plaintiffs, Americon Group, Inc., and Garr Electric Co., by and through their counsel, Schwartz Law Firm, P.C. and for their Response to Defendants' Motion to Enforce Settlement Agreements and for Sanctions, state as follows:

As of the date hereof, all requested and required documents as set forth in the settlement agreements between the parties have been forwarded to counsel for Defendants. As such, the portion of Defendants' Motion that requests specific performance of the Settlement Agreements is moot.

As to the remaining request of Defendants, Plaintiffs deny that Defendants are entitled to the relief requested. Moreover, Defendants did not comply with the requirements of LR 7.1(a) prior to filing their Motion, and had they done so, these proceedings would have been unnecessary. Accordingly, Plaintiffs request that the Motion be dismissed.

                Respectfully submitted,

                SCHWARTZ LAW FIRM, P.C.

                By: /s/ Mary A. Mahoney
                      Attorney for Plaintiffs Americon Group, Inc. and Garr Electric Co., Inc.
                      37887 West Twelve Mile Road, Suite A
                      Farmington Hills, Michigan 48331
                      (248) 553-9400
                      mmahoney@schwartzlawfirmpc.com

Dated: March 26, 2019         P41568

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICON GROUP, INC.
GARR ELECTRIC CO., INC., and
DETROIT SPECTRUM PAINTERS, INC.

    Plaintiffs,

v                                                  Case No. 2:14-cv-10785-DML-LJM
                                                 Hon. Matthew F. Leitman

MARCO CONTRACTORS, INC., a
OLD REPUBLIC INSURANCE COMPANY,

    Defendants.

_____/

## **BRIEF IN OPPOSITION TO RESPONSE TO DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENTS AND FOR SANCTIONS**

### **FACTUAL SUMMARY**

In their Motion, Defendants seeks specific performance of two obligations on the part of each Plaintiff: (1) to provide a "Release of Claim Against Lien Bond" pursuant to paragraph 5 of each Settlement Agreement, and (2) to provide a Release of Lien. Both original documents, fully executed by the principal of each Plaintiff, were provided to counsel for Defendants as of March 13 for Garr Electric and as of March 15 for Americon. Having been provided all documentation required under both Agreements, there is nothing additional for this Court to order by way of the equitable remedy of specific performance. In fact, Plaintiffs had

intended to record the discharges of liens on behalf of Defendants, insofar as Plaintiffs' counsel is local and Defendants' counsel is located in Pennsylvania, however, in light of the pending motion, Plaintiff's counsel was forced to simply provide the original documents to defense counsel as required in the agreement.

If Defendants' counsel had contacted undersigned counsel, as required by the meet and confer rule set forth in LR 7.1(a), prior to filing its Motion, counsel would have explained that she and her administrative staff had been in contact with the Plaintiff's principals and were waiting for original documents to be returned for recording purposes. The motion would have been unnecessary had Defendants followed the procedure set forth in the Local Rules. The last contact between Plaintiffs' counsel and Defendants' counsel prior to the filing of the instant Motion on March 12 had been the sternly-worded email chain from February 13, and the response on February 15, wherein, Plaintiffs' counsel indicated that her office was in the process of obtaining and recording the lien discharges, and further that no bond releases had been provided for Plaintiffs to execute. The releases were provided to Plaintiffs' counsel that day, and forwarded to Plaintiffs for signature.

The settlement agreements in this case were signed by Plaintiffs at the end of September, 2018, and forwarded via email to Defendants' counsel on September 28, 2018. Plaintiffs' counsel also forwarded lien discharges to her clients for signature. Although counsel's admin indicated that originals were needed, for

unknown reasons one of the clients was not as responsive about returning the original signed lien discharge by mail. The client was reminded via voicemail on numerous occasions and also via text message, prior to February 13, 2019. On March 11, 2019, counsel once again sent a text message to her client to obtain a return of the original discharges, and the client responded that he would mail them out immediately, and that he had forgotten to do so earlier. The other client's original discharge was being held, anticipating prompt return of the other client's discharge, so that they could all be recorded at one time (nothing in the settlement agreement required Plaintiffs' counsel to actually record the documents, but she had offered to do so as an accommodation).

Of course, at this time, Plaintiffs' counsel did not know that Defendants would be filing a motion for enforcement on March 12, without contacting her to discuss whether she would concur in the relief requested. Upon receipt of the instant Motion on the afternoon of March 12, counsel instructed her admin to immediately prepare correspondence to forward the original documents from Garr Electric, and on March 15, 2019, the original documents for Americon were also forwarded.

Although Plaintiffs' counsel understands the necessity to fully comply with the executor provisions in the settlement agreement, and understands Defense counsel's impatience, the settlement funds in this matter were not sent until

November 29, after several requests by counsel. The releases for the bonds, required under the agreement to be provided by Defendants, were not sent to Plaintiffs' counsel until February 15. There was no dilatory intent on the part of either Plaintiffs or their counsel with respect to this matter. It is interesting that Defendants now claim extreme prejudice from the delay in returning these documents, and Plaintiffs remind the Court that it was Defendants' conduct earlier in this litigation that caused a 2-year delay in these proceedings and necessitated nearly 2 further years of litigation up to the day of trial, as Defendants declined to include Plaintiffs in an arbitration proceeding as it was ordered to do by the Court.

## LEGAL ARGUMENT

1. **Defendants' request for specific performance is moot.**

Defendants have been provided all documentation required under both Settlement Agreements. The relief requested in Defendants' Motion of specific performance is no longer applicable, as there is no executory provision of the Settlement Agreements that has not been fulfilled. As such, Defendants' prayer for relief is moot and not justifiable.

2. **Defendants should not be found entitled to sanctions, where they failed to follow LCR 7.1's "meet and confer" requirement prior to filing its Motion, and where the delay in this matter was not the product of bad faith or vexatious intent.**

Defendants seek sanctions under the Court's inherent powers as well as pursuant to paragraph 10 of the Settlement Agreement. Since the remedy of

specific performance is now moot, there can be no ruling of the Court that renders Defendants the "prevailing party" under the Settlement Agreement. Sanctions under that section are inappropriate, particularly where Defendants failed to comply with the "meet and confer" rule set forth in LCR 7.1(a). Other than the email suggesting that Defendants might file a motion if Plaintiff did not respond by February 15, there was no attempt by Defendants to seek concurrence in the relief requested. Plaintiffs' counsel has never disputed that the documents were owed to Defendants. Plaintiffs' counsel did respond by the indicated date, and advised that the documentation requested was being gathered, and that some of the requested documents needing signature had not been provided yet. Although there was admittedly some delay in returning the documents, there was no bad faith or vexatious intent on the part of Plaintiffs' counsel. Counsel even offered to take on a responsibility that was not hers under the Agreements – to deliver the Lien Discharges to the local registers of deeds for recording. This additional task was not completed due to the filing of the motion and counsel's efforts to immediately provide the requested documents. Counsel's final request to her client to return the original documents preceded the filing of the motion, demonstrating that she was attempting to obtain her client's compliance with the requirements. If Defendants' counsel had attempted to reach out to counsel before filing the motion, he would

have been advised that completion was imminent.  This is the purpose of the local rule.

Sanctions are not appropriate under the circumstances set forth herein. Plaintiffs request that Defendants' Motion be dismissed.

                                        Respectfully submitted,

                                        SCHWARTZ LAW FIRM, P.C.

                                        By:  /s/ Mary A. Mahoney
                                             Attorney for Plaintiffs Americon Group, Inc. and Garr Electric Co., Inc.
                                             37887 West Twelve Mile Road, Suite A
                                             Farmington Hills, Michigan  48331
                                             (248) 553-9400
                                             mmahoney@schwartzlawfirmpc.com

Dated:  March 26, 2019                      P41568

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

                                        By:  /s/ Mary A. Mahoney
                                             Attorney for Plaintiffs Americon Group, Inc. and Garr Electric Co., Inc.
                                             37887 West Twelve Mile Road, Suite A
                                             Farmington Hills, Michigan  48331
                                             (248) 553-9400
                                             mmahoney@schwartzlawfirmpc.com
                                             P41568